## WACHS v. GREAT ATLANTIC & PACIFIC TEA CO.

### Civ. No. 10048.

United States District Court
E. D. Pennsylvania.
Dec. 12, 1949.

Isadore S. Wachs, Philadelphia, Pa., for plaintiff.

Frank F. Truscott, Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

The plaintiff instituted this action to recover one year's unpaid rental under a three year lease agreement with the defendant, and here moves for judgment on the pleadings under Federal Rules of Civil Procedure, rule 12(c), 28 U.S.C.A. The premises involved, wherein the lessee operated a retail store, are located on a busy commercial street in the City of Ventnor, New Jersey. Among other averments in its answer, defendant asserts that the plaintiff, in the lease, covenanted that he would

provide for rear door delivery of merchandise to the premises; that a zoning ordinance was passed by the City of Ventnor having the effect of prohibiting rear door delivery; and that such prohibition was enforced by a cease and desist order issued by the municipal authorities. Consequently, the defendant considered the lease breached by the plaintiff, and vacated a year prior to the stated expiration date. The crucial issue framed by the pleadings is whether the defense of breach of covenant is available to preclude judgment on the pleadings.

 The covenant in the lease relating to rear door delivery is as follows: "The Lessor will provide for rear door delivery of merchandise to this store. He will construct a driveway with a foundation of sufficient base strength to assure safe passageway to the rear door for the type of trucks normally used for regular delivery to our store."

The plaintiff contends that, interpreting this covenant so as to give effect to the true intention and understanding of the parties at the time it was executed, and construing the words in the plain, ordinary meaning they would appear to have in their context, the clause refers to nothing more than the obligation of the plaintiff to see to it that the physical condition of the premises was such that rear door delivery of merchandise might be made. But viewing the situs of the leased premises and the nature of the lessee's business, I feel that this contention is untenable. The premises fronted on a commercial street and abutted on a vacant lot in the rear. The vacant lot was not a part of the leased premises. It was over this lot that the driveway was to be constructed. It would, in my opinion, be highly unrealistic to believe that this defendant leased premises without assurance of convenient accessibility to its delivery entrance for its trucks, over the vacant lot. The quoted covenant, therefore, must be interpreted as an agreement by the plaintiff to grant an appurtenance to the lease in the nature of an easement over the vacant lot. (Of course, it must be assumed that the plaintiff was in a position with respect to the lot to enter into such an agreement.)

Consequently, there was a continuing obligation upon the plaintiff to provide for the availability of rear door delivery.

The plaintiff argues that the ordinance does not legally have the effect of prohibiting rear door delivery, and that the cease and desist order issued by the municipal authorities was illegal and unenforceable, with the consequence that it was no basis for the breaching of the lease by the defendant. But the order, whether it was a legal order or merely under the color of law, effectively interfered with the defendant's rear door egress and ingress. Inasmuch as it was the plaintiff's obligation to provide for the continuance of the availability of rear door delivery, it was not the defendant's obligation to contest the order. The defendant has the right, under the lease, to look to the plaintiff to provide for that which he has agreed to provide, and if the defendant does not get what he has bargained for, the plaintiff has not lived up to his end of the bargain.

The plaintiff is not, under the facts admitted in the pleadings, clearly entitled to judgment. Accordingly, an order will be entered denying the motion.